Good morning. Welcome to the Senator Day O'Connor U.S. Courthouse. All of our cases this morning have been submitted on the briefs except for this one. This is the only case set for oral argument and it is the case of Alejandro Villanueva Hernandez versus Pamela Bondi. And counsel, looks like you're ready to proceed. And let me just ask you, Mr. Wiggers, can you hear us? Yes, Your Honor. Okay. Thank you. All right. Miss Wright. May I begin?  Thank you. Good morning, Your Honor, and good morning, counsel, other honors. Thank you so much for having me here today. This is a simple case. The respondent, my client, Alejandro Villanueva, was detained in 2020. He was placed in removal proceedings. He was just a regular individual driving. And then the protests happened downtown Phoenix and he got picked up by ICE. And it was during COVID-19 pandemic where things were a little bit more complicated. Mr. Villanueva was, you know, you know, like we said, we received he was placed on removal proceedings. He was released on bond and the court issued a, you know, a request for written pleadings by February 22nd, 2021. We complied by submitting the pleadings on time. However, subsequent scheduling orders were issued in April 2021, which was critical to the case and was never received by me, counsel, due to mail delivery issues again. Let me ask you about that. Yes. When you filed what you call the motion to reissue, the IJ said, if you're going to contend that you never received this, you need to make an evidentiary submission. Not enough, just enough to say it to me. You need to file a declaration or something. And as close as I can tell, looking at this record, you never did. And correct. Is that correct? That is correct. Yes. So why then was the presumption and why was the presumption of delivery rebutted? Well, I I filed a motion to reissue and before our policy is I'm not going to put my name on something if I cannot get the response of my client. And my client was I guess we would our office reached out to him multiple times. And for filing, I do have to get consent from the client in order to file. Your client eventually files a declaration, although it's with respect to the motion to reopen. That says I never got anything. I understand that. But that probably doesn't matter under the law if you receive the notice. Well, the cases seem to say service on counsel suffices. And so I'm trying to figure out whether you've ever filed anything in this case that said, no, I didn't receive it. You did file something in the building manager that says sometimes we have trouble delivering. But did you ever file anything in any place in the immigration court? Yes. We get a declaration from you that says you didn't receive it. I believe I did file and identify for me where that is. OK, let me. And I believe that I don't know if the court had asked for an actual declaration. He said you need to you just can't tell me you didn't receive it. That's what the IJ said. You need to put make put something in evidence, whether it's a declaration or a deposition or something. And I just can't find any thing in this record. And maybe maybe you can identify it later if you can't find it now where you said as a matter in a form that would be admissible in evidence. I didn't receive it. And that's a very critical point. And so it seems like you would have it ready right now if you if you if you submitted that kind of a declaration. Yes. And to be and to be quite honest, I it was my impression that me filing the motion to explain that I did not receive it. I told you he told you when you filed the motion to reissue you filing a motion is not enough evidence. You need something more. You need a declaration. You need something evidentiary. And you did file something from the building manager. But frankly, I don't find it very persuasive because the building manager says sometimes if we don't get the right suite number, it doesn't go to the right place. But the mailing in this case had the right suite number. I understand. So I'm trying to figure out, did you do anything other than file motions? I don't believe so. But the standard is it wasn't certified mail. And it's so applying the strong standard, the strong presumption is not it shouldn't be applied. And I feel like the department and it is my impression that the department applied this strong presumption when like what? Because of it was because it wasn't certified mail, it was actually just mail like regular mail. Then you can apply the weak presumption and basically based on the acquiescence of the client, him filing his written pleading him, you know, us getting a declaration from the well, a letter from the building manager about the mail mishap and me explaining that, you know, during the covid-19 situation, things in the mail has always been missing. Most of our mails had gotten missing around that time. And so I believe that the application and and maybe there was a mishap where we did not file. I did not file a personal declaration, but that declaration would be a presumption in and of itself of a strong. It would be it would be applying the strong presumption. But because the mail is not certified, it wasn't like certified mail. Then we should be applying the weak presumption to this case. And there are there the standards are more or lesser of the few. And when we I did, you know, Mr. Villanueva did file a declaration himself as well. You agree this was not certified mail. This was regular. I agree. Yes. OK. But I'm going to back up just a little bit because I'm a little confused by what's in your pleadings. You say in your briefing that you didn't receive the April 14, 2020, or order. You say you experienced difficulties receiving mail, but then you also seem to take responsibility for your client's lack of knowledge about the deadline. In your motion to reopen, you say you take full responsibility for the lack of notice to Mr. Villanueva. So. You did or did not receive the April 14, 21. We did not receive the April 14, 21. We were only aware of Mr. OK. And so then you're knowing you did not receive it. And after it was Judge Hurwitz just identified for you the the court saying that you need to show evidence. Your client submitted a declaration that he never, never got it. But you never submitted a declaration. And that is correct. I did not submit a declaration. And it is in your view, I guess that I think that could be an effective assistance of counsel. OK. And so, you know, I just for me, my the and the purpose of not submitting the declaration is I was having a really difficult time communicating with the client. And I did not want I honestly in my statement, I honestly did not receive the pleadings. In what statement? In my motion that I drafted, I explained that I did not receive the statement. And then you didn't appeal. You know, I don't understand why you didn't appeal the June 17, 21 removal order, despite receiving an IJ order instructing you that you still had time to appeal. And I don't understand why you didn't appeal the May 26, 2023, the IA decision affirming the denial of your motion to reopen. Well, I didn't appeal it, as I said before. And if you look in the previous pleadings, the pleadings explained that Mr. Villanueva did go under the radar. We were not able to get any in contact with him. His excuse said that he had lost multiple individuals in his family. And I that to me, that would be ineffective assistance of counsel if I were to file a pleading without his knowledge or his acknowledgement of it. But you never filed anything to that effect. You never submitted anything to that effect. Yes, there isn't in the pleading. It shows that in our responses, it shows that Mr. Villanueva, we it was really difficult to get in contact with him. And in in the pleadings, you would see that there was written that the acknowledgement that Mr. Villanueva lost like about four or five family members at the same time he went missing. So me filing something on his behalf without his knowledge or without his consent to me, that would be ineffective. Essentially, you filed a declaration for Mr. Villanueva, right? Yes. And that's you prepared that declaration. Yes. At the same time, you filed a declaration from him. Now you had his attention. You had made contact with him. You did not file a declaration from you. So I don't think you can say, well, I didn't do so because I was waiting to be in contact with him. So if you didn't receive these documents, why didn't you just file a declaration saying so? And I can't. I can't. I believe that there is a declaration here. And I'm just going to take it. Do you mind if I take a look and see if I think what you maybe you might do is save the rest of your time for rebuttal and see if you can point it out to us when I stand back up. OK, perfect. We'll do. OK. Counsel. You may state your think you're on mute. No, I'm talking to government's counsel. You may be seated and look for your declaration and then I'll call you up for rebuttal. Yes, Your Honor. Can you hear me? Yes. May it please the court. Edward Wiggers for the respondent. Attorney General Bondi. The record shows that the court served its orders on the address that counsel provided. And indeed, the motion to reconsider actually confirmed delivery to that address. The issue of whether it reached her office or not is not a matter for the service. So the regulations only required provision of service to the address that counsel submitted to the written record of the address. Tell me how the motion to reconsider confirmed delivery to that address. Go ahead. On page 18 of the record, Your Honor. In the motion, counsel states. That despite the confirmation of mail delivery, there remains a notable absence of specific confirmation of delivery to our office. What is the reason? What is the confirmation of mail delivery here? I didn't see anything in the record other than her statement. I find that very confusing. I didn't know what it meant. It doesn't seem to refer to anything. It doesn't say I confirmed that there was mail delivery by checking with somebody or whatever. So I just found that statement very opaque. Yes, Your Honor. But it is counsel's statement on her client's behalf that the delivery happened. But regardless, the record shows that the immigration court used the address she provided. There's no evidence that the mailings never reached that address. Let's talk about the presumption because counsel is arguing that because it wasn't certified mail, there's a lesser presumption. Is that your understanding? Yes, Your Honor. And that's the understanding the board employed when they cited a matter of MRA, which discusses the difference in the standards between certified mail and regular mail. And so here, when the petitioner filed his notice that he did not receive it, his declaration that he didn't receive it, why isn't that enough? Because it's the recipient, Your Honor. And in this case, the recipient was counsel. So counsel needed to provide evidence that counsel did not receive it at the address that she provided. And as the court noted in the earlier discussion, there is no evidence to that effect in this record. And because there is case law, I think it's the Singh case, that indicates that if petitioner or lawyer indicate that they did not receive, submit a declaration that the IJ needs to evaluate and weigh it with all the other evidence. And here, the IJ or the BIA recognized or stated specifically anything about the petitioner's declaration that he didn't receive it. Your Honor, it's because the service has to be to the written record of address that the petitioner provides. In this case, petitioner through counsel provided counsel's address. So that's the relevant address for service. And for issues of the presumption, the question is whether the recipient at that address failed to receive the mailing. So let me ask a question about that because I want to be clear. You didn't have an address for the petitioner? The only address that they had was the address counsel provided. That's what I'm asking. So in the record in this case, there's no address for the petitioner, just an address for counsel. Correct, Your Honor. And counsel is serving as petitioner's agent to receive mailings from the court. So if that were true, and I don't know that the record in this case reflects it, you wouldn't have mailed a notice to the petitioner in any event. Correct, Your Honor. Whether or not counsel received it or didn't. Correct, Your Honor. Was that point made below? I don't find it in anybody's ruling. Oh, what point was that, Your Honor? In other words, I could see the IJ saying, I have the declaration of petitioner, but I don't give it any weight because he wouldn't have been served with one. Or the BIA saying it. This is the first time I'm here. I understand the argument you made on the law, which is that service on counsel at the address provided is sufficient. I didn't understand you'd have argued before today that, of course, he didn't get served because we never had his address. I don't believe they discussed it in the agency decisions below, Your Honor, because from the beginning. I'll take a look at them, but I didn't understand that. Because you say in your answering brief that there's absolutely no evidence of non receipt by petitioner. But petitioner did submit a sworn declaration of seems which is evidence of non receipt. I understand the point that you're making that you send it to the council. But to say that there's absolutely no evidence of non receipt by petitioner when you have a declaration, it just causes me some pause. And especially when we have held that the BIA has a duty to weigh all relevant evidence when there is a factual dispute about whether a document has been mailed by the agency to a petitioner. That's the same case in the Hernandez Velasquez versus Holder sighting scene. So I just had a question about whether or not the BIA in needing to weigh all the relevant evidence in this case. Did it do so if it failed to mention a Mr. Villanueva's declaration stating that he never received the April 14th order? Can you respond to that? Yes, Your Honor. I believe the agency took it into consideration. I can't point to it right off hand. But with counsel standing in for petitioner to be the agent for service and submitting her address as the address to which all service should be provided. And that proceeding through two immigration courts and through various proceedings in those immigration courts and up to the board twice. Petitioner's counsel was in the position of being the agent for receipt of service. So it's whether she received the service is the question that matters. Mr. Villanueva's affidavit that he never received anything from his lawyer or the court is informative only to the extent that he didn't actually physically get a copy of it. But as far as for whether the court affected service as required under the regulations, his affidavit doesn't really matter because he was not the recipient. Counsel was. And is there a case on that? And I understand the point that you're making. I'm just wondering if there's a case on that because it does seem to put a spotlight on this Hernandez case that says when there is a factual dispute about whether a document and here you have the petitioner. So this is a little bit unique because I understand that the attorney was the agent, but you have something being submitted by the by the petitioner. I'm just wondering if that's enough to create a sort of factual dispute or if what you're saying that the lawyer being the named recipient is enough. It's not enough, Your Honor, because of the way the regulations are written. And the closest I could find was the Mayorka Guzman case in our most recent 28 letter, which addressed the service of an immigration judge's decision for purposes of an untimely appeal to the board. And the individual in that case was arguing that he only received the written summary of an oral decision from the immigration judge that did not contain the legal reasoning. And he should have received that in order to be able to perfect his appeal. This court's resolution of it turned on the fact that the regulation, which is one thousand eight CFR one thousand three point thirty seven a only required submission of the written summary. It didn't require anything else. Now, if you take one thousand three point thirty seven a and b together for purposes of written decisions or in this case, an order, you have to mail it to the address of record, the address of record provided by the petitioner. In this case, that address of record was counsel's address. So petitioner statement that he did not receive anything from counsel has no bearing on whether counsel received it from the court. And the only factual dispute that matters is whether counsel received it from the court. There's no evidence showing she did not. And if counsel didn't submit a declaration that she never received it. Does that because you you allude you allude, in fact, you stated that this is intertwined with a ineffective assistance of counsel case. What happens when it raises the whole spectrum of ineffective assistance of counsel? Well, the ultimate question and ineffective assistance cases, your honor, often is prejudice. Here there's an independent dispositive issue with the board denying the motion reconsider is untimely. But as far as ineffective assistance parameters itself, we would need more information about what was going on and make sure this was not some sort of tactical decision to buy time to pursuing the procedural avenues first before trying having to litigate the applications. And ultimately. Yes, your honor. You go and finish your sentence. Ultimately, the application in this case revolved around a cartel based extortion claim. So prejudice, if any, is I don't believe the prejudice standard would be met and subject to the court's questions as my time is expiring. Here's my question. We've asked counsel for the petitioner whether she ever filed an affidavit firmly stating that she did not receive this notice. Is that your understanding of the record? There's no such declaration in the record. Yes, your honor. I looked a couple of times for the record. I never saw anything that would be a declaration from counsel. Thank you. Thank you. And I know that my time is limited, but in the court's order, when it asked me to, I can do an appeal or resubmit something. The court never explicitly stated that I needed to submit an affidavit. Which court are you talking about? The immigration court when we filed the motion to reissue the order. In the court's ruling on your motion to reissue, the court expressly said it's not enough to tell me that or put it in a motion. You need to do something evidentiary. Yes. And did you? Yes, I did provide a letter from our building manager, and that was my understanding. If the court had explicitly said I needed to file an affidavit stating that I did not receive it, I would have filed the affidavit. But the court said I did not submit anything, and that's when I went to the building manager, which I believe was more believable than me submitting an affidavit in and of itself. All the building manager said was there's been a problem with delivery, and it often occurs when the suite number is not on the mailing. And there's no dispute in this case that the suite number was on the mailing. There is a dispute that the suite number was on the mailing. Tell me, how do you dispute that? Because it says suite 2200, and my suite is 2223. So the building manager specifically stated that in the letter as well. But the court never asked or never said, Miss, if you provide an affidavit, that would be enough. So I provide an affidavit for my client, and I believe that getting an affidavit, getting a letter from a third party would suffice, because it would be I'm the one writing the motion explaining that the mail was not received. And then the building manager, who is a third party, who has no interest in this case or no interest to make a misrepresentation to this case, is stating that there might be a discrepancy when it comes to unit numbers. I believe under that would have been more, you know, a more credible source of information for the court to, you know, make a decision. I'm looking at your application for relief, and one of the things it says is that your client's failure to submit any application for relief was, quote, due to exceptional circumstances beyond his control, namely that his counsel, the person he retained to represent him, is having difficulty receiving mail at her known address. Yes. Seems to me had been a perfect time to, did you tell your client you never received it? Yes, I did let my client know that I did not receive the mail. The perfect opportunity to say that in the application, but you don't. You sort of skirt the issue. You have him talking about delivery failures, not your statement. I did not get this notice. Okay. And I, you know, it was under my belief and impression that me writing and drafting the motion and letting the court know that I did not receive the notice, me calling the court and letting the court know that I did not receive the notice was sufficient to prove that I did not receive the notice. I have gone above and beyond for the client. I have, even when we couldn't get in contact with the client for a while because he has experienced a lot of, like, insurmountable amount of debts in this family, I've contacted the court, let the court know that I'm not able to reach a client, but we will be filing something. And so, you know, if the judge, if an order specifically stated, Miss Wright, you need to submit a declaration, I mean, in the pleadings, all through the pleadings, it specifically states I did not receive notice. I had issues with the mail, and I even went to the building manager and asked for an affidavit, which was a lot to ask for because I had to go all the way up to corporate to get that letter. And so I believe that under the circumstances and under the time limit, I did what was necessary for my client given the circumstances. Now, if I – Can I ask you a question about the address issue? Yes. Maybe I misunderstood the record. What address was on file in this case with the IRS as your address? What suite number? Suite 2200. Okay. And that's the suite to which it was addressed, correct? That was the suite that it was addressed. It turns out you gave them the wrong number. No, it's not. So it's a – so before when I was – I just had started out as an attorney and I rented – it's a Regis office. So in order for Regis to receive mail for us on our behalf, we have to make it addressed to suite 2200 so that they can distribute to each individual office owner. It's like a co-op. The suite number to which the notice was sent was the suite number that you provided to the agency, correct?  I had no other choice. Okay. I'm not looking for an explanation of why.  But I thought you said they addressed it to the wrong suite number. They addressed it to the suite number that you provided to them, correct? And that is correct. But I had no other option because Regis would not be able to receive mail on my behalf because it's a co-op. So it was a co-office space that we were leasing. There are multiple different businesses in the co-op, and the mail has to be distributed to them directly. The mailman cannot come directly to our suite and distribute mail individually, and hence the reason why I have moved office spaces because there was a lot of mishap with mail. Did you ever advise the immigration court of these prior difficulties you were having with receiving mail? Yes, I have. Other than in this case? Yes, I have. Yes. And there have been multiple instances where mail has not been received by me, and the resolve was that we had to move to a different space and a unit of my own, which we now did, but at that time I didn't have any money to do that. You understand, though, you were the recipient here. You were the recipient, and so I'm just puzzled why you would not have just submitted a declaration. Why did the INS have to tell you to do that? You should have submitted a declaration, and the consequence of you not doing so are significant. Your Honor, but INS did not tell me to specifically submit a declaration. Did they need to? In most of the motions that we file for reopen, we submit declarations on our client's behalf. I've had successful cases that have been reopened without me submitting a declaration based on my clients. When you've received it, in this similar circumstance? Well, the court said that I needed to supply and submit enough evidence, like additional evidence to prove that the mail was missed. Under the circumstances, I believe that getting a third-party statement that is more credible, that would be more credible than mine, would be sufficient, and that was my understanding. But it's critical. Under the law, it's critical for the INS to know that that was never received, and when you were the recipient, it's very murky to say, oh, I'm having problems with the mail, and then you take full responsibility for not informing your client. It's not clear. So, unfortunately, your client's going to bear some significant adverse consequences, it looks like. Well, again, Your Honor, I would say that had I done multiple motions to reopen that have been granted, and I've provided declarations of the clients, and it was sufficient enough for the motions to reopen. Were those cases in which the only address given to the agency was that of you, or was it an address given to the – see, those may be cases in which the client was supposed to receive notice from the agency, correct? No, no. The clients don't receive – if I'm the attorney of record, then the clients don't. I understand, but you can file with the agency, I want the client to receive notices at a certain address. Yes, Your Honor. Did you do so in those other cases? No. So, I mean, the facts and circumstances have always been different with motions to reopen. It can be for anything. It can be a client coming to me for, you know, to reopen their case from another law firm. So the circumstances are different. Now – I just have one other question, if I can.  What order are you appealing? I'm appealing the BIA's order. Oh, I know it's a BIA order. Tell me which of the BIA's orders you – The BIA order that denied our motion to reopen. You're not appealing the BIA order denying your motion for reconsideration? Yes. Well, that's asking. Which order are you asking us to review? The one where the BIA was specifically saying that they're going to affirm the immigration court's decision on the motion to reconsider and reopen. So the motion to reconsider. Yes. And it's – I mean, the truth still remains the same. Even in additional cases that I've reviewed. In, you know, the cases that we've reviewed and we've cited in our brief, in Salta, the presumption was weak. And the BIA and the courts, the appellate court, this court, specifically said that based on the weakness of the, you know, the client showing up and showing up the date of the actual hearing – The attorney was not the sole recipient in that case, if I recall correctly. That is correct. So you're trying to equate that to the circumstance. You had significant responsibility because you were the sole recipient. And I'm just still puzzled why you would not have – the legal consequence of you not notifying your client, and if you didn't really get notice, then you needed to establish clearly to the INS that you never got that notice. And by submitting that, oh, there's just problems with our mail and the building, but it's not clear whether or not you got it. And you're taking full responsibility in other aspects of your brief. So I can understand why there's a question here, and just trying to figure out where the law applies to it in light of the cases that we have. But I hope you understand what it means when you are the only recipient on behalf of your client. Okay. Thank you very much. The case of Alejandro Villanueva-Hernandez v. Pamela Bondi is now submitted. Thank you both for your oral argument presentations. We are adjourned. Thank you so much, Your Honors. Thank you.
judges: MURGUIA, HAWKINS, HURWITZ